(8 App. Div. 502)

### COLLINS v. COLLINS et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. APPEAL—HARMLESS ERROR.
   In an action for accounting between tenants in common, plaintiff cannot complain of a violation of the rule that one tenant in common cannot charge his co-tenant for use and occupation, where the application of the rule would reduce the amount recovered by plaintiff.

2. TENANTS IN COMMON—LIABILITIES INTER SE.
   A tenant in common, on accounting to his co-tenants, is entitled to credit for money paid by him to agent for collection of rents.

Appeal from special term.

Action by John A. Collins against George K. Collins and others. From an order setting aside the report of a referee appointed under an interlocutory judgment, and appointing a new referee to take and state the accounts between the parties, defendants George K. Collins, Kate Collins, and Mary A. Collins appeal. Reversed.

August 15, 1853, John Collins died intestate, leaving Mary A. Collins, widow, aged 40 years (born January 31, 1813), George K. Collins, aged 16 years (born April 15, 1837), John A. Collins, aged 8 years (born July 17, 1845), and Frank Collins, aged 3 years (born in 1850), sons, his only heirs and next of kin. September 1, 1853, the widow was appointed administratrix of his

estate, but no general guardian was appointed for any one of the sons. At his death John Collins was the owner of certain real estate in the city of Syracuse, on which there was an unfinished brick building, known as the "Collins Block," which was incumbered by a mortgage for $2,400. The personal estate of the intestate was not more than sufficient to pay his funeral expenses and unsecured debts. Immediately after his death his widow and his sons took up their residence in the building, and she, with their assistance, managed it until 1862, at which time George K. Collins was 25 years of age, John A. Collins 17 years of age, and Frank Collins 12 years of age. On the 31st of May, 1862, this property was sold upon a statutory foreclosure of the mortgage given by the intestate, and was bid off by George K. Collins for the amount due thereon, with costs. He paid $210, and gave a mortgage thereon for $2,400. February 18, 1862, John A. Collins, the plaintiff, when 16 years of age, married, and immediately thereafter took up his residence in the block, and within a few years two children were born. From that time to the present he and his family have continually resided in the block, paying no rent for the rooms occupied, and during a considerable portion of the time they have been supported in great part out of the rents and profits of the building, which were collected by and received from the mother. From the time that George K. Collins acquired the legal title to the property under the foreclosure sale, the mother has continued to reside in the building, and during that period the rents were collected sometimes by her and sometimes by George K. Collins. September 26, 1873, Frank Collins, having become of full age, conveyed his interest in the premises and in the rents and profits thereof to George K. Collins in consideration of $8,000, by a deed dated that day, and recorded September 27, 1873, in the office of the clerk of the county of Onondaga. In 1887, the plaintiff first learned that the defendant George K. Collins claimed to be the sole owner of the premises, and on the 13th of December of that year began this action to set aside the sale under the foreclosure, and to recover his share of the rents and profits collected by the defendants George K. Collins and Mary A. Collins. June 14, 1890, an interlocutory judgment was recovered, by which it was adjudged that the foreclosure was induced by the defendant George K. Collins; that his purchase was in fraud of the rights of his brothers; that an accounting be had between the parties to the action for the rents and profits received by them; and that the plaintiff was entitled to recover two-ninths, Mary A. Collins three-ninths, and George K. Collins four-ninths of the net rents and profits of the premises. This judgment was affirmed by the general term in February, 1891 (13 N. Y. Supp. 28), and by the court of appeals in March, 1892 (131 N. Y. 648, 30 N. E. 863). After the affirmance of the judgment by the court of appeals, N. M. White was appointed a referee to take and state the accounts between John A. Collins, plaintiff, and George K. Collins and Mary A. Collins, two of the defendants, who were at that time the only persons interested in the property, or in the rents and profits thereof. A report was made, which the court refused to confirm, and it was referred to William S. Andrews to take and state the accounts between John A. Collins, George K. Collins, and Mary A. Collins. There is no contest between George K. Collins and his mother, Mary A. Collins. The referee reported that the plaintiff was entitled to a final judgment against the defendant George K. Collins for $1,293.86. The evidence taken by the referee is annexed to his report. John A. Collins, plaintiff, and George K. Collins and Mary A. Collins, defendants, filed exceptions to the report. The defendants moved that the report be modified in certain respects, and, as modified, confirmed; but when the motion came on to be heard they withdrew their exceptions, and asked that the report as made be confirmed. The plaintiff insisted upon his exceptions, and asked that the report be set aside, and a new referee appointed to take and state the accounts, and it was so ordered, and from this order the defendants appeal.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

H. Hoyt, for appellants.
T. E. Hancock, for respondent.

· FOLLETT, J. This accounting covers a period of 29 years and 11 months, from March 31, 1862, to April 1, 1892. The learned referee has stated the accounts as follows:

| | | |
|---|---:|---:|
| Rents collected | $66,355 | 17 |
| Rental value of rooms occupied by Mary A. Collins. | 5,370 | 00 |
| Rental value of rooms occupied by plaintiff. | 3,714 | 00 |
| Rental value of rooms occupied by George K. Collins. | 28 | 00 |
| | | |
| Total rents received and rental values | $75,467 | 17 |

George K. Collins is charged with this sum by the referee, and is credited by the referee with the following sums:

| | | |
|---|---:|---:|
| Taxes, insurance, etc. | 37,111 | 79 |
| | | |
| | $38,355 | 38 |

Of this balance Mary A. Collins, as dowress, is entitled to three-ninths

| | | |
|---|---:|---:|
| ninths | $12,785 | 127 |
| John A. Collins (plaintiff), two-ninths. | 8,523 | 418 |
| George K. Collins, four-ninths. | 17,046 | 836 |
| | | |
| | $38,355 | 38 |

| | | |
|---|---:|---:|
| Plaintiff's interest in rents. | $ 8,523 | 41 |

Against this the following sums are charged:

| | | | |
|---|---:|---:|---:|
| Rental value of rooms occupied by plaintiff. | $3,714 | 00 | |
| Board of himself and family by mother. | 1,944 | 00 | |
| Coal furnished by mother. | 701 | 27 | |
| Wood furnished by mother. | 250 | 00 | |
| Milk furnished by mother. | 328 | 50 | |
| Ice furnished by mother. | 30 | 00 | |
| One-third cost of small piece of land paid for by George K. Collins and added to property. | 36 | 66 | |
| Mary A. Collins, as agent for George K. Collins, collected $20,261.64 of the rents, all of which is charged to George K. Collins, who held the legal title of the property. The referee allows the mother 5 per cent. for collecting $20,261.64, which amounts to $1,013.08, two-ninths of which is charged to John A. Collins.... | 225 | 12 | |
| | | | 7,229 55 |
| | | | |
| Amount due John A. Collins. | | | $ 1,293 86 |

The rents collected (the first item in the account), the rental value of rooms occupied by Mary A. Collins (the second item in the account), and the rental value of rooms occupied by George K. Collins (the fourth item in the account), are conceded by the plaintiff to be correct. But he challenges the right of the referee to charge him with $3,714 for the rooms occupied by him. The value of the use of these rooms was established by competent evidence, which is hardly questioned by the plaintiff, but it is urged that one tenant in common cannot charge his co-tenant for use and occupation. This is undoubtedly the rule in cases between co-tenants, but if the rule should be applied in this case the rental value of the rooms occupied by Mary A. Collins and George K. Collins would necessarily be deducted from the account, which would leave the amount of rents to be charged against George K. Collins at $66,355.17, and, after deducting taxes, insurance, etc.,—$37,111.79,—would leave $29,243.38 to be divided among the co-tenants, two-ninths of which belongs to the plaintiff, and equals $6,498.52, or $2,024.89 less than the sum now

credited to him. It is urged that the court erred in charging the plaintiff with the value of board, coal, wood, milk, and ice furnished to the plaintiff and his family by the mother, Mary A. Collins. The evidence shows beyond question that the items charged for were furnished by the mother to this plaintiff and his family, and were of the value charged, and that she paid for them out of the rents collected by her from the tenants of the building, and that between her and George K. Collins she had no right to make this application of these moneys, and is accountable to George K. for his share of the moneys so applied. It is also urged in behalf of the plaintiff that the referee erred in charging him with $225.12, two-ninths of the amount found due the mother for collecting part of the rents of the building. Had the defendant George K. Collins employed and paid a collector, the amount, if reasonable, would have been allowable, under the rule held in Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392. The referee finds that, as between George K. Collins and his mother, he is chargeable with a reasonable sum for the collection of these rents, and, under the circumstances of this case, we think the charge of two-ninths thereof against this plaintiff was eminently fair and equitable. It is conceded that the defendant George K. Collins mainly had the charge of this building for 30 years, made all of the expenditures, and managed the business, for which he made a claim of $6,000, or at the rate of $200 per year; but nothing was allowed for his services during all of this period. He also insisted, and gave some evidence tending to show, he had expended at least $40 a year, or $1,200 in all, for items in connection with the building, not charged for in his account. This claim was also disallowed. The plaintiff further insists that the accounts should have been stated with annual rests, and that George K. Collins should have been charged with interest upon the balances in his hands. It is apparent from the way in which the members of this family lived and conducted their business that this mode of computation would have been impossible. If this could be done, the amount which the plaintiff received during each year would be charged against him, and deducted from the amount chargeable to the defendant, and the difference between this method of accounting and the one adopted by the referee would not be great.

It should be observed that this is not an accounting by a trustee who has a definite or ascertainable fund in his hands, which it is his duty to invest and pay over the income, and the principles applicable to such an accounting would be inequitable in a case like the present. An examination of the evidence in this case convinces me that ample justice was done by the referee to the plaintiff on this accounting. I am aware of the fact that the defendant George K. Collins is in form charged by the judgment as a fraudulent trustee, but it seems to me to have been a case of constructive, rather than of intended, fraud. It may be that his action in acquiring the title, which was concurred in by the mother, was for the purpose of preserving the plaintiff's interest in this estate, who seems not always to have been a successful business man. This view is strengthened by the fact that when the youngest brother, Frank, became of age,

.the defendant settled with him for his share in the property upon terms the justness of which has not been assailed.    I think that the referee has done substantial justice between these litigants, and if he has erred he has erred in favor of the plaintiff.

The order should be reversed, the report confirmed, and a final judgment ordered thereon, with costs to the plaintiff up to the date when that report was filed, and with costs in favor of the defendant George K. Collins against the plaintiff subsequent to that date, including costs of this appeal, to be taxed and set off against the plaintiff's costs.    All concur.