enhancement which comes from the construction of public improvements, referred to the appreciation of values occasioned by the construction and operation of the railroad itself; but we think it is plain that such was not his meaning, especially when reference is had ·to the testimony on the subject. That he meant a general increase, independent of the existence of the railroad, is shown by this extract from the testimony of a witness in respect to values: "The Court: Q. Suppose the railroad had not been built, I understand you to say that the property appreciated in value? A. Yes, sir; the property was enhancing in value before the railroad was built out that way. I think the railroad has depreciated the stores for renting purposes. It would be harder to rent now than it was before." The judgment must be affirmed, with costs.

CLOTHIER, Respondent, v. ALDRICH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Elmer E. Clothier, an infant, by guardian ad litem, against Isaac A. Aldrich and others. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

COCHRAN v. STEPHENS. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by William F. Cochran against H. Clay Stephens. No opinion. Motion granted, with $10 costs.

COHEN, Respondent, v. ROUSE, Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1896.) Action by Tobias Cohen against Callman Rouse. No opinion. Judgment and order affirmed, with costs. All concur.

COLBY, Appellant, v. NATIONAL BROADWAY BANK et al., Respondents. (Supreme Court, Appellate Division, First Department. December 11, 1896.) Action by Bainbridge Colby, as receiver, against the National Broadway Bank and others. M. H. Regensburger, for appellant. R. B. Kelly, for respondents. No opinion. Order modified by reducing the amount of security to be given by the plaintiff to the sum of $250, as required by section 3272 of the Code, and, as modified, affirmed, without costs.

COLEMAN, Respondent, v. VILLAGE OF CLINTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Elon G. Coleman against the village of Clinton. No opinion. Judgment and order affirmed, with costs. All concur.

COLLINS, Respondent, v. COLLINS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by John A. Collins against George K. Collins and others. No opinion. Motion denied, with costs. All concur. See 40 N. Y. Supp. 902.

COMMERCIAL BANK OF CHICAGO v. HAND. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by the Commercial Bank of Chicago against Elwood S. Hand. No opinion. Motion denied. See infra.

COMMERCIAL BANK OF CHICAGO v. HAND. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by the Commercial Bank of Chicago against Elwood S. Hand. No opinion. Motion denied. See supra and 41 N. Y. Supp. 823.

CONDON, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Ellen Condon against the Metropolitan Life Insurance Company. No opinion. Order affirmed, with $10 costs and disbursements.

COOKE et al., Appellants, v. BUTLER, Respondent. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Action by Elizabeth Cooke and another, as administrators of the estate of W. W. Cooke, deceased, against Concetta Butler. No opinion. Motion for leave to go to the court of appeals denied.

COSGROVE et al., Respondents, v. BROOKLYN EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Action by Mary Cosgrove and others against the Brooklyn Elevated Railroad Company and the Union Elevated Railroad Company. No opinion. Judgment affirmed, with costs. All concur.

IN RE CRABTREE'S WILL. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Petition of the executors of the last will and testament of William Crabtree, deceased, for a judicial settlement of their accounts. No opinion. Motion denied, without costs. Decision made by the concurrence of all. See 40 N. Y. Supp. 1148.

CROZIER, Respondent, v. READ, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Sophia Crozier against George R. Read. Joseph P. Daly, for appellant. Frederick W. Sherman, for respondent.

PER CURIAM. This is an action to recover damages for personal injuries sustained from a collision of one of defendant's horses with a wagon which the plaintiff was driving. On a previous trial there was a nonsuit. On appeal it was held by the late general term that the case should have been submitted to the jury, and the judgment entered on the nonsuit was reversed. 78 Hun, 181, 28 N. Y. Supp. 914. In the opinion there delivered by Mr. Justice Pratt we entirely concur. The facts as disclosed on the last trial do not vary materially from those presented at the former trial. The decision of the general term must, therefore, control the disposition of this appeal. We think it is too clear to require extended discussion that one aspect of the case presented a question of negligence for the jury. If the horses of the defendant were prancing across the road before the defendant's